IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**GRACE FLOYD, and her HUSBAND**
**WINFRED A. FLOYD,**

    **Plaintiff,**

vs.                                                  CASE NO. 3:12-cv-336/RS-CJK

**WAL MART STORES EAST, LP.,**

    **Defendant.**
_____ /

## ORDER

Before me are Plaintiff's Motion to Remand (Doc. 5) and Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Remand (Doc. 7).

A civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. *See* 28 U.S.C § 1441(a). A removing defendant has the burden of establishing by a preponderance of the evidence that federal jurisdiction exists. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "In assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff - be it the initial complaint or a later received paper - and determines whether that document and the notice of removal . . . unambiguously establish federal jurisdiction." *Rollo v. Keim*, 2009 U.S. Dist. LEXIS 56292, 5-6 (N.D. Fla. 2009) (*citing Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213-14 (11th Cir. 2007)). In the context of diversity jurisdiction, a removing defendant must

demonstrate that the amount in controversy exceeds $75,000 and that there is complete diversity of citizenship.  *See*  28 U.S.C. § 1332.

The parties agree that there is complete diversity of citizenship and that the amount in controversy exceeds $75,000.  (Doc. 3, p. 1)  However, Plaintiff argues that Defendant waived its right to remove by taking substantial offensive or defensive action in the state court action, indicating a willingness to litigate in that tribunal.  (Doc. 5, p. 3)  These actions included filing an answer including affirmative defenses, the taking of depositions, entering court-ordered mediation, answering interrogatories and serving requests for production.  (Doc. 5, p. 2)  Defendant disagrees, arguing that the discovery and investigation actions taken by Defendant were necessary to accurately assess Plaintiff's claims and to assess the removability of the action to Federal District Court.  (Doc. 7, p. 6)

As there is agreement between the parties as to diversity of citizenship and that the amount in controversy exceeds $75,000, I see no reason to deny Defendant its right to remove the case to federal court per 28 U.S.C. § 1446.  Defendant made reasonable efforts, through discovery and investigation, to substantiate Plaintiff's claims against it and to determine whether the current suit satisfied the requirements of 28 U.S.C. § 1332.  Defendant did not waive its right to removal by taking these actions, and Defendant argues persuasively that the settlement demand, made by Plaintiff in an amount greater than $75,000, gave Defendant notice of the removability of the action and triggered the 30-day removal period of 28 U.S.C. § 1446.  Defendant did in fact seek removal within that 30-day period, and I see no reason to remand the case to state court.

Plaintiff also objects to the use by Defendant of a confidential settlement demand in its removal documents. (Doc. 5, p.2) Plaintiff asks this court to strike this portion of the removal from the record as a violation of Fla. Stat. § 44.405 and sanction the Defendant accordingly. Plaintiff cites the Florida 4th District Court of Appeal's decision in *Paranzino v. Barnett Bank of South Florida, N.A.* as supporting sanction under such circumstances. 690 So.2d 725 (Fla. 4th DCA 1997). Defendant argues that *Paranzino* is inapplicable to the facts of this case, noting a line of precedent that supports the use of confidential settlement demands to prove the amount in controversy requirement of 28 U.S.C. § 1332. Defendant specifically cites this Court's holding in *Wood v. Colson* to support its argument. 2011 WL 3319537 (N.D. Fla.).

As I noted in *Wood*, confidentiality does not bar the use of a confidential settlement demand for the purpose of satisfying the amount in controversy requirement of 28 U.S.C. § 1332. Defendant's arguments are persuasive on this matter, and reliance by Plaintiff on *Paranzino* is misplaced, as that case considered the narrower question of what sanctions are proper in the event of a party leaking a confidential mediation agreement to the public for personal benefit. The use by Defendant of the settlement demand figure to establish the amount in controversy needed to remove this action is not a violation of Fla. Statutes § 44.405, and no sanctions will be imposed on Defendant.

Plaintiff's Motion to Remand (Doc. 5) is **DENIED**.

**ORDERED** on August 3, 2012.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**